IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Patrick Jay Wall, #Y294945, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:08-749-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sumter-Lee Regional Detention Center, | ) | |
| (SLRDC) Sumter, South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patrick Jay Wall ("Wall"), a state prisoner proceeding pro se, alleges that the Defendant violated his civil rights under 42 U.S.C. § 1983. In his Report, Magistrate Judge Kosko recommends dismissing Wall's complaint without prejudice and without issuance and service of process because the Defendant is not a "person" action under color of state law for purposes of § 1983.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Wall does not object to the Magistrate Judge's recommendation that the Defendant be dismissed, but moves to "change the caption now instead of refiling the whole thing again." (Objections 2.) Wall seeks to add "SLRDC Staff, and Both Healthcare providers under contract with the SLRDC, Nurses, Doctors, etc." as defendants in this action (Id. 1.) The court construes this request as a motion to amend the complaint.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." HCMF Corp. v. Allen, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Wall's proposed amendment fails to identify any specific person acting under color of state law that allegedly violated his civil rights. See Bolden v. Mandel, 385 F. Supp. 761, 763 (D. Md. 1974) ("42 U.S.C. § 1983 authorizes the recovery of damages from an individual defendant for the unjustifiable violation of the constitutional rights of the plaintiff under color of state law."); Burns v. Med. Staff at Manning Corr. Inst., No. 8:07-3549-GRA, 2007 WL 4292781, at *1 (D.S.C. Dec. 5, 2007) (unpublished) (noting that the "Medical Staff at Manning Correctional Intitution" is not a person under § 1983). Therefore, Wall's proposed changes to the caption are insufficient to identify "persons" for purposes of § 1983. Based on the foregoing

and after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Kosko's Report and Recommendation.

Therefore, it is

**ORDERED** that Wall's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

>	s/Henry M. Herlong, Jr.
>	United States District Judge

Greenville, South Carolina
March 28, 2008

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.